### A04A1360. WOODSON v. THE STATE.
(605 SE2d 822)

SMITH, Chief Judge.

This case appears here for the second time. In *Woodson v. State*, 242 Ga. App. 67 (530 SE2d 2) (2000), this court affirmed the judgment of conviction against Woodson but remanded the case for resentencing on the ground that the State did not meet its burden of proof with respect to sentencing under the recidivist statute, OCGA § 17-10-7. Id. at 70 (4). Under that statute, the trial court had imposed maximum sentences for the five felonies for which Woodson had been convicted. Id. During the resentencing hearing on remand, the State withdrew its request that Woodson be sentenced as a recidivist, and the trial court stated that Woodson would "receive the identical sentence" previously imposed but directed the State to "redraw it to show that it's not being done as a recidivist." As a consequence, Woodson was sentenced to consecutive prison terms "for a total sentence of eighty (80) years and twelve (12) months."

Woodson appeals, arguing that the trial court was required to sentence him to concurrent prison terms under OCGA § 17-10-10 (a). We do not agree. That Code section provides that if a person is convicted at a single term of court on more than one count of an indictment or accusation "and sentenced to imprisonment, the sentences shall be served concurrently *unless otherwise expressly provided therein*." (Emphasis supplied.) Id. The trial court's sentence

expressly provides for the imposition of consecutive sentences for the separate crimes committed by Woodson. "Consecutive sentences are permitted where separate and distinct crimes are charged." (Citations and punctuation omitted.) *Burgos v. State*, 233 Ga. App. 897, 902 (3) (505 SE2d 543) (1998). Although acquitted of rape, Woodson was charged and convicted of the "separate and distinct" crimes of burglary, battery, kidnapping, aggravated assault with the intent to rape, and aggravated assault with a deadly weapon, and the trial court was authorized to impose consecutive sentences.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 26, 2004.

Willie Woodson, *pro se.*

*Robert E. Keller,* District Attorney, *Bonnie K. Smith,* Assistant District Attorney, for appellee.