### A08A1022. EVANS v. THE STATE.
(667 SE2d 183)

BARNES, Chief Judge.

Timothy J. Evans appeals the trial court's denial of his plea of double jeopardy, contending that his exclusion from the drug court program violated his rights to Equal Protection and the Americans with Disabilities Act of 1990 (ADA). For the reasons that follow, we affirm the trial court's order denying the plea.

Evans was indicted for possession of methamphetamine and drug paraphernalia. The State offered to nolle pros the drug paraphernalia count and recommend a sentence of either five years' probation and a fine, or pre-trial intervention through the Towaliga Judicial Circuit's new drug court program in exchange for Evans' guilty plea. Evans agreed to enter the drug court program.

Under OCGA § 16-13-2 (a), if a person with no previous conviction for a drug offense pleads guilty to or is found guilty of illegal drug possession, the trial court may defer entering a judgment of guilt, place the person on probation, and direct him to attend a comprehensive rehabilitation program. Id. If the person violates probation, the court may enter an adjudication of guilt and sentence him, but if he fulfills the probation terms, the proceedings against him are dismissed without a court adjudication of guilt and his record will not show a conviction. Id.

In this case, the trial court nolle prossed the drug paraphernalia count and accepted the recommendations of the prosecutor and Evans' attorney that Evans be admitted to the drug court program. Evans signed a drug court contract agreeing to report to drug court for assessment, testing, and treatment for not less than one year and to submit to frequent, random drug tests, among other things.

Evans reported to his first drug court session two days later. In his intake paperwork he listed the prescription medication he was taking for depression and because he was HIV positive. The drug court administrator thought Evans was ineligible for the program due to his multiple medications, and the drug court judge (who is also the trial judge) agreed. He ordered Evans to return to court for re-sentencing the next week.

Evans filed a motion in autrefois convict and a plea of former jeopardy, arguing that he was denied entry into the drug court program because of his HIV status, which violated the ADA. He also

argued that the drug court contract was binding on both him and the State, and that "to involuntarily withdraw [his] guilty plea," deny him access to the program, and put him on a trial calendar constituted double jeopardy. At the hearing on his motion, the trial court explained that the reason he was not admitted was not because of his HIV status, but because he had a mental illness, was under a doctor's supervision, and was taking four prescription medications.

Although Evans volunteered to discontinue his depression medication, stating that it was the only one that would cause a false positive on a drug screen, the court did not want him to do so only to get into drug court because that might cause "long-term bad consequences" for him. Being a relatively new drug court, the program did not have the expertise and counseling to handle serious mental health issues, and did not have access to the number of resource providers available in larger urban areas. The trial court then offered either to amend Evans' probation to require him to continue with his current health care providers and take his medications as prescribed or to allow Evans to withdraw his plea and place him on the trial calendar. Evans responded that he was not "in a position where his plea could be withdrawn," and the court offered to amend his sentence to straight probation time as a first offender. When Evans protested that he would still have a criminal record for five years, the court pointed out that his record would not show a conviction, only an arrest. The court then offered to attempt to place Evans in Bibb County's drug court, which had more resources and experience, although it did not know if that was possible, or allow him into drug court in the Towaliga Circuit, suspend the requirement of attending classes, and direct him to continue seeing his medical providers and follow their advice. Evans insisted on his double jeopardy motion, arguing that he had already been sentenced and that changing the terms of the sentence violated the prohibition against double jeopardy. The trial court denied the motion and Evans filed his notice of appeal.

1. Evans first argues that the trial court erred in denying his plea of former jeopardy. OCGA § 16-1-8 provides that "[a] prosecution is barred if the accused was formerly prosecuted for the same crime, based upon the same material facts, if such former prosecution resulted in either a conviction or an acquittal." (Punctuation omitted.) *State v. Warren*, 133 Ga. App. 793, 795 (213 SE2d 53) (1975). In this case Evans argues that "unilaterally withdrawing the appellant's guilty plea to charges due to no fault" of his constitutes double jeopardy. The trial court did not unilaterally withdraw the plea. To the contrary, it offered Evans every possible alternative in sentencing and asked him to choose whether to withdraw his plea or accept any of the alternative sentences.

Evans argues that being sentenced to anything but drug court would constitute a second sentence on the same crime and thus constitute double jeopardy. But agreeing to attend drug court is not a "sentence." It is a pre-trial intervention contract in which the defendant agrees to attend drug court in exchange for the opportunity to avoid having a conviction on his record. Further, the terms of the drug contract are not absolute. Successful completion of the contract depends upon Evans completing a drug court program. If "we will not interfere with a trial court's termination of a drug contract absent [the trial court's] manifest abuse of discretion," (footnote omitted) *Wilkinson v. State*, 283 Ga. App. 213 (1) (641 SE2d 189) (2007), we must grant the drug court similar discretion in, deciding how to administer the program and who to admit.

Evans also argues that the State is contractually bound to adhere to the terms of his plea bargain. While a plea bargain is a binding contract between the State and the defendant, *Thomas v. State*, 285 Ga. App. 792, 794 (648 SE2d 111) (2007), we have not analyzed pre-trial intervention programs under contract law. If we held that the drug court had to admit any defendant recommended to its program regardless of any variables in the defendant's life, we would strip the drug court of its discretion in administering the program, which we decline to do.

2. Evans contends that classifying him as ineligible for drug court due to his HIV status and depression constitutes an equal protection violation, because no rational relationship exists between his exclusion and the State's interests. "The state need only show a rational basis for treating people differently unless the differential treatment involves invidious standards or infringes upon fundamental rights, in which case a compelling state interest must be shown." (Punctuation omitted.) *Clark v. State*, 245 Ga. 629, 637 (3), n. 4 (266 SE2d 466) (1980). In this case, Evans was not excluded from participating in the program because of his HIV status, but because the relatively new program was ill-equipped to deal with his complicated medical status and multiple medications. The State's interest in preserving Evans' health is rationally related to its decision to exclude him from the drug court program, and we find no equal protection violation.

3. Evans contends that excluding him from participation in the drug court program violates the ADA, arguing that under the Act his HIV status and depression are "disabilities" which could be reasonably accommodated. In fact, he argues, he needs no accommodation at all because his health issues are being adequately addressed by his private health care providers. The Towaliga Circuit Drug Court is a public entity to which the Act applies. See *Pa. Dept. of Corrections v. Yeskey*, 524 U. S. 206 (118 SC 1952, 141 LE2d 215) (1998) (state

prison is public entity to which ADA applies). But while both HIV positive status and mental illness are cognizable disabilities under the ADA, "[t]he statute is not operative . . . unless the impairment affects a major life activity." *Bragdon v. Abbott*, 524 U. S. 624, 637 (II) (A) (2) (118 SC 2196, 141 LE2d 540) (1998) (HIV-positive patient had action against dentist refusing to treat her because major life activity of reproduction was affected); see also *Olmstead v. Zimring*, 527 U. S. 581 (119 SC 2176, 144 LE2d 540) (1999) (no issue whether institutionalized mentally ill petitioners were disabled). In this case, however, Evans has neither argued nor demonstrated that either impairment affects a major life activity. In fact, Evans argues that he requires no accommodation to attend the drug court program and that his health issues are being adequately treated by his doctors. In the absence of a major life activity impairment, the trial court did not err in concluding that the ADA does not apply to this case.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 22, 2008.

*Leo J. Kight, Jr.*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.