## A09A0257. PHILLIPS v. THE STATE.
### (680 SE2d 424)

MILLER, Chief Judge.

Richard F. Phillips pled guilty to one count of sexual battery (OCGA § 16-6-22.1) and two counts of terroristic threats and acts (OCGA § 16-11-37) but, proceeding pro se, now appeals from his conviction and sentences, arguing that (1) his indictment violated the double jeopardy clauses of the United States and Georgia Constitutions; (2) his indictment was untimely; (3) the trial court erred by imposing sexual offender conditions; (4) the trial court imposed a fine greater than that allowed by Georgia law; and (5) the trial court erred in imposing consecutive sentences on two counts of terroristic threats and acts. Discerning no error, we affirm.

Where, as here, an appeal raises questions of law, we apply a plain legal error standard of review. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

The record shows that in October 2003, a Lanier County grand jury indicted Phillips on one count of child molestation; one count of cruelty to children, third degree; and two counts of terroristic threats and acts. The indictment alleged that Phillips had committed child molestation by sucking on the breasts of a minor under 16 years of age; allowed another minor to witness the felony; and threatened to murder both of the minor victims. Phillips subsequently pled guilty to enticing a child for indecent purposes as a lesser included offense to child molestation, and the trial court sentenced him to fifteen years in prison and five years on probation. On December 30, 2004, the remaining three counts of the indictment were nolle prossed at the State's request. Subsequently, on November 30, 2007, the trial court granted Phillips' motion to withdraw his guilty plea and vacated the judgment of conviction, finding that Phillips had raised valid claims that enticing a child for indecent purposes is not a lesser included offense to child molestation, no adequate factual showing in support of the enticement charge was made before the trial court, and he had not received sufficient notice of aggravating evidence used during sentencing.

Previously, on April 24, 2007, Phillips was re-indicted on the same charges set forth in the 2003 indictment, and on the same day his prior conviction was vacated, Phillips pled guilty to one count of sexual battery and two counts of terroristic threats and acts. The trial court sentenced Phillips to three years in prison and two years probation for sexual battery and imposed sexual offender conditions and a fine of $1,500, plus statutory surcharges. The trial court sentenced Phillips to two sentences of five years probation for the terroristic acts and threats counts, to run consecutive to one another and to the sentence for sexual battery.

1. Phillips argues that his second indictment violated the double jeopardy clauses in the United States and Georgia Constitutions. We disagree.

The prohibition against double jeopardy in both the United States and Georgia Constitutions, among other things, protects against a second prosecution for the same offense after acquittal or conviction. *Roberts v. State*, 280 Ga. App. 672, 673 (634 SE2d 790) (2006); U. S. Const. Amend. 5; Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. "OCGA §§ 16-1-6, 16-1-7, and 16-1-8 also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct." (Citation and punctuation omitted.) *Roberts*, supra, 280 Ga. App. at 673. "Because the Georgia Code expands the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions," we look to the foregoing Code sections to resolve issues of double jeopardy. (Punctuation and footnotes omitted.) *Prater v. State*, 273 Ga. 477, 480 (4) (545 SE2d 864) (2001).

Most pertinent here, OCGA § 16-1-8 (a) provides that "[a] prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution: (1) Resulted in either a conviction or acquittal. . . ." This rule has no application to the counts in the first indictment as to which an order of nolle prosequi was entered (one count of cruelty to children, third degree, and two counts of terroristic threats and acts) because Phillips was never convicted or acquitted of those crimes. Entry of nolle prosequi as to these counts did not give rise to a viable double jeopardy challenge to Phillips' re-indictment on the same offenses. See *Grant v. State*, 180 Ga. App. 746, 747 (2) (350 SE2d 582) (1986).

Nor did OCGA § 16-1-8 (a) preclude the State from re-indicting Phillips for child molestation. OCGA § 16-1-8 (d) provides an exception to the rule in subsection (a), stating, in relevant part, that

[a] prosecution is not barred within the meaning of this Code section if: . . . (2) Subsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict.

Here, on Phillips' motion, the trial court vacated the judgment of conviction. Phillips does not argue and nothing in the record indicates that the trial court adjudged Phillips not guilty of the offense of child molestation. The trial court simply concluded, and we agree, that the offense of enticing a child for indecent purposes

was not a lesser included offense to child molestation.[1] Accordingly, under OCGA § 16-1-8 (d), the State was not barred from prosecuting Phillips for child molestation.[2]

Notwithstanding the fact that he successfully procured the vacation of his prior conviction, Phillips argues that his re-indictment violated double jeopardy prohibitions because the second indictment was returned before his prior conviction was vacated. We disagree. Jeopardy attached under the child molestation count of the first indictment when Phillips entered his guilty plea to enticing a child for indecent purposes and the plea was entered on the record and accepted by the trial court. *State v. Smith*, 185 Ga. App. 694, 696 (365 SE2d 846) (1988). Under the principle of "continuing jeopardy," however, where, as here, a defendant succeeds in setting aside his conviction, the defendant's initial jeopardy never terminates, and no double jeopardy bar arises to prevent further prosecution. See *United States v. Williams*, 534 F2d 119, 120-122 (8th Cir. 1976) (applying concept of "continuing jeopardy" and holding that the double jeopardy did not bar retrying defendant on initially indicted offenses after defendant's guilty plea and conviction on a lesser included offense were vacated); see also *Price v. Georgia*, 398 U. S. 323, 326 (90 SC 1757, 26 LE2d 300) (1970) (describing "continuing jeopardy" principle). The second indictment, which was apparently filed to address the eventuality that Phillips' motion to withdraw his guilty plea would be granted, was returned while Phillips' jeopardy was ongoing, and, as such, it did not violate federal or state double jeopardy prohibitions.

2. Phillips argues that the second indictment was untimely under OCGA § 17-3-3. We disagree.

OCGA § 17-3-3 provides that if an indictment is found within the initial statute of limitation in OCGA §§ 17-3-1 and 17-3-2 "and is quashed or a nolle prosequi entered, the limitation shall be

---

[1] Under OCGA § 16-6-5 (a), "[a] person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." This crime is separate from the offense of child molestation in that the child molestation "includes no element of asportation." (Citation omitted.) *Dennis v. State*, 158 Ga. App. 142 (2) (279 SE2d 275) (1981) (drawing same distinction between enticing a child for indecent purposes and aggravated sodomy).

[2] Because enticing a child for indecent purposes is not a lesser included offense to child molestation, Phillips' guilty plea could not have operated as an "implied acquittal" of child molestation. See *Rowe v. State*, 181 Ga. App. 492, 494-496 (2) (352 SE2d 813) (1987). But even if it was a lesser included offense, acceptance of a guilty plea to, as opposed to a conviction of, a lesser included offense does not typically result in an "implied acquittal" of the greater offense (see *Ohio v. Johnson*, 467 U. S. 493, 501-502 (104 SC 2536, 81 LE2d 425) (1984)), and accordingly, "the double jeopardy clause does not prevent prosecution on the greater offense after a conviction entered on a guilty plea to the lesser included offense is set aside." (Emphasis omitted.) *Lowery v. Estelle*, 696 F2d 333, 340, n. 21 (5th Cir. 1983) (collecting cases).

extended six months from the time the first indictment is quashed or the nolle prosequi entered." "OCGA § 17-3-3 is intended to function solely as a savings provision, and has no application to a prosecution in which the nolle prosequi is entered over six months before the original statute of limitations expires." (Citation omitted.) *Kyles v. State*, 254 Ga. 49, 50-51 (326 SE2d 216) (1985).

Here, the State did not need to take advantage of the statute of limitation extension provided by OCGA § 17-3-3 because the second indictment was filed within the initial limitation period. The general statute of limitation in OCGA § 17-3-1 (c) for felonies other than murder and those punishable by death or life imprisonment applies here and provides that prosecution

> must be commenced within four years after the commission of the crime, provided that prosecution for felonies committed against victims who are at the time of the commission of the offense under the age of 18 years must be commenced within seven years after the commission of the crime.

According to the indictments, the victims here were minors, and the seven-year limitation period would therefore apply. Even assuming that the shorter four-year period applied, however, the second indictment was returned on April 24, 2007, within four years of the alleged offense, which occurred on July 2, 2003.

3. Phillips argues that the trial court erred by imposing sexual offender conditions on him and requiring him to register as a sexual offender in connection with his conviction of sexual battery. We disagree.

In support of his argument, Phillips relies on the definition of "sexual offense" in OCGA § 17-10-6.2, which excludes a first conviction for sexual battery. OCGA § 17-10-6.2 (a) (9). OCGA § 17-10-6.2 does not explain when registration as a sexual offender is required but rather proscribes the mandatory minimum sentence for individuals convicted of a "sexual offense" and sets forth circumstances under which the trial court may depart from that sentence. The definition of "sexual offense" in OCGA § 17-10-6.2 has no application beyond that Code section. See OCGA § 17-10-6.2 (a) ("As used in this Code section, the term 'sexual offense' means . . .").

The applicable statute here is OCGA § 42-1-12 which, inter alia, requires an individual to register as a sexual offender if he or she "[i]s convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor." OCGA § 42-1-12 (e) (1). With respect to convictions, such as Phillips', occurring after June 30, 2001, a criminal offense against a victim who is a minor includes "any criminal offense under Title 16 . . . which consists of . . . [c]riminal

sexual conduct toward a minor . . . [or] [a]ny conduct which, by its nature, is a sexual offense against a minor." OCGA § 42-1-12 (a) (9) (B) (iii), (xi). Based on the allegations in Phillips' second indictment that Phillips sucked on the breasts of a minor under the age of 16, the trial court was authorized to conclude that Phillips committed a criminal offense against a victim who is a minor and was thus subject to the registration requirements and conditions in OCGA § 42-1-12.

4. Phillips claims that the trial court erred in imposing a fine of $1,500 in connection with his sentence for sexual battery. We disagree. Under OCGA § 17-10-8, the trial court was entitled to impose the fine as a condition of probation.

5. Finally, Phillips argues that the trial court erred in imposing consecutive sentences for his convictions on two counts of terroristic threats and acts. We disagree.

OCGA § 17-10-10 (a) provides: "Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently *unless otherwise expressly provided therein*." (Emphasis supplied.) The trial court's sentences in this case expressly provided that they were to run consecutive to one another.

"Consecutive sentences are permitted where separate and distinct crimes are charged." (Citation and punctuation omitted.) *Woodson v. State*, 268 Ga. App. 731, 732 (605 SE2d 822) (2004). The second indictment against Phillips alleged that he committed two separate and distinct offenses of terroristic threats and acts in that his threat or threats were directed to two victims. See *Boone v. State*, 155 Ga. App. 937, 937-939 (274 SE2d 49) (1980) (defendants convicted of two counts of terroristic threats arising out of single course of conduct directed toward two victims). Accordingly, the trial court was authorized to impose consecutive sentences. See *Green v. State*, 265 Ga. App. 126, 128-129 (2) (592 SE2d 901) (2004) (trial court did not err in imposing consecutive fifteen-year sentences for two counts of armed robbery when money was taken from presence of two store employees who were both responsible for and possessed store's receipts); *Denny v. State*, 222 Ga. App. 674, 676 (1) (475 SE2d 698) (1996) (trial court did not err in treating three counts of misdemeanor obstruction of law enforcement officer as discrete offenses for sentencing purposes because, although the offenses arose out of the same transaction, there were three separate victims).

For the reasons set forth above, we affirm the trial court's judgment and sentences.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 26, 2009 —
RECONSIDERATION DISMISSED JUNE 25, 2009.

Richard F. Phillips, *pro se.*
Catherine H. Helms, *District Attorney, Albert H. Tester, Assistant District Attorney,* for appellee.