## A11A0675. POPE v. THE STATE.
(710 SE2d 911)

SMITH, Presiding Judge.

Chauncey Pope appeals from the trial court's denial of his plea in bar based upon double jeopardy. For the following reasons, we affirm.

The record reveals that Pope was charged in a Fulton County indictment with attempt to commit burglary, theft by receiving a stolen automobile, obstruction (Counts 1-3), and two counts of theft by receiving stolen laptop computers (Counts 4 and 5). On September 23, 2009, the trial court held a hearing on Pope's nonnegotiated plea. During the plea colloquy, the State informed the court that it was dead docketing Counts 4 and 5 because "Gwinnett County is going to be moving forward with the laptops." Defense counsel objected that "double jeopardy attached with respect to those [counts]," but the trial court stated that it was allowing the State to dead docket the counts, and that "Gwinnett County can proceed however they want to proceed." Pope then pled guilty to only Counts 1-3. The trial court accepted the plea finding that it was freely and voluntarily entered, and then sentenced Pope.

Less than a year later, Pope was charged with two counts of burglary in Gwinnett County with respect to the laptops originally identified in Counts 4 and 5 of the Fulton County indictment. Pope filed a plea in bar on double jeopardy grounds, which the trial court denied. It is from this order that Pope appeals.

1. Pope argues that the court erred in finding that he did not enter a guilty plea to Counts 4 and 5 of the Fulton County indictment. He contends that he pled guilty to all five counts based upon his colloquy with the court before the State announced it was dead docketing Counts 4 and 5. The colloquy, however, did not include a plea or acceptance but just the standard inquiry concerning whether Pope was satisfied with counsel, along with an explanation of first offender treatment and the consequences of a plea.

The State dead docketed Counts 4 and 5, and the Fulton County trial court asked Pope how he wished to plead to the remaining three counts. After Pope announced that he wished to plead guilty to those

counts, the court accepted his guilty plea and sentenced him. Indeed,

> [b]efore accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant intelligently and understandingly waives his constitutional rights, which requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea.

(Citation and punctuation omitted.) *Harland v. State*, 262 Ga. App. 803, 804 (586 SE2d 705) (2003). And a conviction arising from a guilty plea requires entry of a final judgment. OCGA § 16-1-3 (4). Because the record reveals that the Fulton County court accepted Pope's plea to only Counts 1-3 of the Fulton County indictment and a judgment was entered as to only those counts, the trial court correctly concluded that he did not enter a guilty plea to Counts 4 and 5 of that indictment.

2. Pope argues that he was placed in jeopardy by the Gwinnett County indictment charging him with the same crimes that were the subject of the dead-docketed Counts 4 and 5 of the Fulton County indictment. But OCGA § 16-1-8 (a) (2) provides:

> A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution: . . . [w]as terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts *or after a plea of guilty was accepted by the court.*

(Emphasis supplied.) See *Thorpe v. State*, 251 Ga. App. 334, 335 (553 SE2d 171) (2001). Because the trial court did not accept a guilty plea to the dead-docketed Counts 4 and 5 of the Fulton County indictment which alleged the same crimes as the Gwinnett County indictment here, jeopardy did not attach.

3. Because jeopardy did not attach, the trial court did not err in denying Pope's plea in bar. See, e.g., *Copeland v. State*, 248 Ga. App. 346, 348 (2) (a) (546 SE2d 351) (2001).

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 1, 2011.

*Jacquelyn F. Luther*, for appellant.

*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.