S12G0714. ARBY'S RESTAURANT GROUP, INC. et al. v. McRAE.
(734 SE2d 55)

THOMPSON, Presiding Justice.

We granted certiorari in this appeal to consider whether OCGA § 34-9-207 requires an employee who files a claim under the Georgia Workers' Compensation Act, OCGA § 34-9-1 et seq. (the "Act"), to authorize her treating physician to engage in ex parte communications with her employer or an employer representative in exchange for receiving benefits for a compensable injury. *McRae v. Arby's Restaurant Group*, 313 Ga. App. 313 (721 SE2d 602) (2011). Because the Court of Appeals erroneously held an employee is not required to authorize such communications, we reverse.

The facts in this case are undisputed. Appellee Laura McRae sustained a work injury in February 2006 for which she filed a claim for workers' compensation. Her employer, appellant Arby's Restaurant Group, accepted the claim as compensable and commenced income benefits. As part of her claim for benefits, McRae signed a form authorizing the release of medical information. McRae's treating physician subsequently issued a report concluding McRae had reached maximum medical improvement and had incurred a 65 percent permanent partial disability impairment. After receiving the report, counsel for Arby's attempted to arrange an ex parte conference with her treating physician, but the physician refused to meet without McRae or her counsel present.

Arby's then filed a motion to dismiss McRae's hearing request or in the alternative to request an order authorizing the treating

physician to communicate with an Arby's representative. See OCGA § 34-9-207 (a) (authorizing board to withhold benefits or remove hearing from calendar during time that employee unjustifiably refuses to sign required medical release). The board issued an order directing McRae to sign a medical release to her treating physician "expressly authorizing [her treating physician] to meet privately with a representative (or representatives) of the Employer/Insurer and discuss or provide medical information about the Employee's claim." When McRae refused to sign the board-ordered medical release, her hearing request was removed from the hearing calendar. The appellate division of the State Board of Workers' Compensation and the superior court upheld the board's order. A majority of the Court of Appeals reversed, holding that OCGA § 34-9-207 (a) provides no support for the claim that an employer is entitled to engage in ex parte communications with a treating physician.

1. Under Georgia law, an employer in a workers' compensation case is entitled to seek from any physician who has examined, treated, or tested the employee "all information and records related to the examination, treatment, testing, or consultation concerning the employee." OCGA § 34-9-207 (a). The employee is

> deemed to have waived any privilege or confidentiality concerning any communications related to the claim or history or treatment of injury arising from the incident that the employee has had with any physician, including, but not limited to, communications with psychiatrists or psychologists. This waiver shall apply to the employee's medical history with respect to any condition or complaint reasonably related to the condition for which such employee claims compensation.

Id. Under the unambiguous language of OCGA § 34-9-207 (a), any privilege the employee may have had in protected medical records and information related to a workers' compensation claim is waived once the employee submits a claim for workers' compensation benefits or is receiving weekly income benefits or the employer has paid any medical expenses. The occurrence of any one of these triggering events waives the employee's privilege in confidential health information and the information may be released by a treating physician.

Although OCGA § 34-9-207 (a) specifies the category of information for which the privilege is waived, it is silent with regard to the methods by which the requested information may be provided. The Court of Appeals construed OCGA § 34-9-207 (a) to preclude informal ex parte communications between McRae's treating physician and

her employer because, it concluded, the requirement to disclose "all information and records" could not reasonably be interpreted as requiring the disclosure of anything other than tangible documentation. *McRae*, supra, 313 Ga. App. at 316. The Court of Appeals' failure to distinguish between the terms "records" and "information," however, is not supported by the language of OCGA § 34-9-207 (a) or application of generally accepted rules of statutory interpretation.

As recognized by the dissenting judges in *McRae*, when considering the meaning of a statute courts must "afford the words of the statute their 'ordinary signification,' see OCGA § 1-3-1 (a), [and] we must presume that the General Assembly meant what it said and said what it meant." Id. at 319. Further, when interpreting a statute courts must give meaning and intent to all words, bearing in mind that "[w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." *Six Flags Over Ga. II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003). OCGA § 34-9-207 (a) by its plain language requires a treating physician to disclose not just tangible documents, but also "information related to the examination, treatment, testing, or consultation concerning the employee." Giving the term "information" its generally accepted meaning, we agree with the dissent's determination that "information," as properly interpreted, includes "knowledge or data that is communicated to another, regardless of whether the knowledge or data has been memorialized in any tangible medium or exists only in the memory and voice of the person communicating it." *McRae* at 319. See The New Shorter Oxford English Dictionary 1364 (Vol. 1 1993) ("information" is "[k]nowledge or facts communicated about a particular subject, event"); Webster's Third New International Dictionary 1160 (1976) ("information" is "knowledge communicated by others or obtained from investigation, study, or instruction" or "knowledge of a particular event or situation"). We conclude, therefore, that "information" as used in OCGA § 34-9-207 (a) includes oral communications and the Court of Appeals erred by interpreting OCGA § 34-9-207 (a) to prohibit oral communications between a treating physician and an employer.

Despite the policy arguments set forth by McRae and amici curiae in this appeal, we discern no legal grounds for prohibiting ex parte oral communication between a treating physician and an employer to the extent confidentiality is waived by an employee in a workers' compensation case. OCGA § 34-9-207 (a) does not expressly prohibit ex parte communications, and the Health Insurance Portability and Accountability Act's (HIPAA) privacy provisions do not preempt Georgia law on the subject of ex parte communications because HIPAA exempts from its requirements disclosures made in

accordance with state workers' compensation laws.[1] See 45 CFR § 164.512 (l). Nor is our decision in this case controlled by our holding in *Baker v. Wellstar Health Systems*, 288 Ga. 336 (703 SE2d 601) (2010). *Baker* was a medical malpractice case, and thus the disclosure in *Baker* was subject to HIPAA's requirements for disclosure. Id. at 336-337. Moreover, although we acknowledged in that case that "the substantive right to medical privacy under Georgia law endures," an employee waives this right under OCGA § 34-9-207 (a) with respect to a compensable injury once a claim for workers' compensation benefits has been submitted, weekly income benefits have been received, or any medical expenses have been paid by the employer. Id. at 338. Therefore, we hold an employer may seek relevant protected health information informally by communicating orally with an employee's treating physician.

2. While neither OCGA § 34-9-207 (a), HIPAA, nor Georgia substantive law precludes ex parte communications between a treating physician and an employer in a workers' compensation case as long as such communication is appropriately related to the compensable injury, we are aware that when a treating physician engages in ex parte communications with the employer there exists a risk that the communication may exceed the bounds of the privilege waived. This Court has vigilantly protected the privacy rights of our citizens in confidential health information and will continue to do so. See *Baker*, supra, 288 Ga. at 338 (right to medical privacy protected by Georgia Constitution); *Moreland v. Austin*, 284 Ga. 730, 733 (670 SE2d 68) (2008) (holding in a medical malpractice case that more stringent HIPAA privacy rule preempts Georgia law with regard to ex parte communications between defense counsel and treating physicians); *King v. State*, 272 Ga. 788, 790 (535 SE2d 492) (2000) (recognizing state right to privacy in personal medical records). At the same time, our General Assembly enacted a workers' compensation statute favoring equal access to all information and records related to the employee's medical treatment prior to the initiation of formal discovery and which deems waived any privilege concerning communications between the employee and a treating physician. See OCGA § 34-9-102 (d) (1) (limiting formal discovery in workers' compensation to litigated cases). We believe a complete prohibition on all ex parte communications would be inconsistent with the policy favoring full disclosure in workers' compensation cases, as well as the goal of our

---

[1] We note, however, that HIPAA authorizes the disclosure of both oral information and information recorded in any form or medium without authorization or opportunity to agree or object when authorized in accordance with state workers' compensation laws. See 45 CFR § 160.103; 45 CFR § 164.512.

workers' compensation statute of providing equal access to relevant information within an efficient and streamlined proceeding so as not to delay the payment of benefits to an injured employee. See *Doss v. Food Lion*, 267 Ga. 312, 313 (477 SE2d 577) (1996) (workers' compensation exclusive remedy provision is the "quid pro quo for workers receiving a guarantee of prompt benefits for work-related injuries without regard to fault or common-law defenses and without the delay inherent in tort litigation"); *Ogden v. Clark Thread Co.*, 93 Ga. App. 227 (91 SE2d 191) (1956) (General Assembly contemplated expeditious determination of workers' compensation claims). See also 7 Larson's Workmen's Compensation Law § 124.01 (2011) ("The whole idea [of workers' compensation] is to get away from cumbersome procedures and technicalities of pleading, and to reach a right decision by the shortest and quickest possible route."). Thus, while we hold that Georgia law authorizes an employer to request an informal ex parte interview with a treating physician pursuant to the employee's waiver of confidentiality, because an employee maintains a right to privacy in any health information not pertaining to the compensable injury, we urge the parties when requesting such communications, and the board when authorizing them, to set parameters consistent with privacy protections afforded under state and federal law. See generally *Baker*, supra, 288 Ga. at 339-340. We also remind the board that it retains its authority to issue orders when necessary to protect an employee's privacy interest in information for which a privilege has not been waived. See OCGA § 34-9-58 (board "shall exercise all powers and perform all the duties relating to the enforcement of [the Act]").

Finally, we note that while treating physicians are required under OCGA § 34-9-207 (a) to provide the relevant information "within a reasonable time and for a reasonable charge," the statute does not demand that they agree to be interviewed ex parte. Under our statutory scheme, physicians may agree to be interviewed only on the condition that their own counsel, or the employee or her counsel, is present, may request that the interview be audio or video recorded, and may share the substance of the interview with the employee and her counsel.

3. Because OCGA § 34-9-207 (a) does not prohibit ex parte communications between McRae's treating physician and defense counsel regarding health information for which any privilege has been waived, we conclude the board acted within its discretion by ordering McRae to sign a limited medical release or have her case removed from the hearing calendar. The contrary opinion of the Court of Appeals is reversed.

*Judgment reversed. Hunstein, C. J., Benham, Hines, Melton, Nahmias, JJ., and Chief Judge Mark Anthony Scott concur. Blackwell, J., disqualified.*

DECIDED NOVEMBER 5, 2012 —
RECONSIDERATION DENIED DECEMBER 12, 2012.

*Hamilton, Westby, Antonowich & Anderson, Andrew J. Hamilton, James H. Chandler, Drew, Eckl & Farnham, Matthew D. Walker,* for appellant.

*Clements & Sweet, Lawrence T. Clements, Bruce P. Johnson,* for appellee.

*McLain & Merritt, Clayton E. Robertson, Drew, Eckl & Farnham, H. Michael Bagley, J. Benson Ward, Matthew D. Walker, Ross & Levy, C. Todd Ross, John D. Blair, Laura M. Shamp, Thomas A. Eaton, Morgan & Morgan, Todd K. Maziar, George & Wallach, Alex B. Wallach,* amici curiae.