**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**January 23, 2014**

# In the Court of Appeals of Georgia

A13A1848. IN THE INTEREST OF L.T., A CHILD.

DILLARD, Judge.

L. T., a minor child, appeals the trial court's denial of his motions to seal his juvenile-court record. Because we conclude that L. T.'s motions were filed prematurely, we affirm.

L. T. was 13 years old when he was arrested and charged with, *inter alia*, two counts of aggravated child molestation. The matter was ultimately transferred to juvenile court with the consent of the State. L. T. entered an *Alford*[1] plea and contracted with the State to accept the imposition of sentence, including

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (91 SCt 160, 27 LEd2d 162) (1970).

psychological treatment. He was thereafter adjudicated delinquent and received 30 days' detention in the Regional Youth Detention Center ("RYDC"), two years' probation with one year of house arrest, and he was ordered to complete Project Pathfinder and juvenile sex offender treatment. During the adjudication proceedings, L. T. filed a motion to seal the juvenile-court record, which the juvenile court denied.

Following adjudication and during the pendency of probation, L. T. filed three additional motions to seal the juvenile-court record. The juvenile court denied each motion based, in part, upon the court's determination that the motions were filed prematurely under the terms of the relevant statute, OCGA § 15-11-79.2 (b), but the court expressly stated that it would consider sealing the record at a later date. L. T. contends that the juvenile court erred in its interpretation of the statutory requirements of OCGA § 15-11-79.2 (b),[2] which provides as follows:

> On application of a person who has been adjudicated delinquent or unruly or on the court's own motion, and after a hearing, the court shall order the sealing of the files and records in the proceeding . . . if the court finds that:

---

[2] Effective January 1, 2014, OCGA § 15-11-79.2 has been repealed and replaced by OCGA § 15-11-701, which applies to all offenses that occur and juvenile proceedings that commence on or after that date. Although some amendments were made to the statute, the essential language addressed herein remains unchanged.

2

(1) [t]wo years have elapsed since the final discharge of the person;

(2) [s]ince the final discharge of the person he or she has not been convicted of a felony or of a misdemeanor involving moral turpitude or adjudicated a delinquent or unruly child and no proceeding is pending against the person seeking conviction or adjudication; and

(3) [t]he person has been rehabilitated.

At issue in the case *sub judice* is the meaning of the phrase "final discharge" in the context of subsection (b) (1). The juvenile court concluded (in denying L. T.'s motions) that the statute requires that at least two years elapse from the time L. T. completes the terms of his sentence and is released from probation before he is entitled to a sealed record. L. T., on the other hand, contends that "final discharge" refers to the date of adjudication (*i.e.* the date on which L. T. was discharged from the delinquency petition) or, alternatively, the date on which L. T. was released from detention at the RYDC.

And in considering this question of statutory interpretation, we necessarily begin our analysis "with familiar and binding canons of construction."[3] Indeed, in analyzing the meaning of a statute, our charge as an appellate court is to "presume

---

[3] *Martinez v. State*, ___ Ga. App. ___ (750 SE2d 504, 509) (2013).

3

that the General Assembly meant what it said and said what it meant."[4] And toward

that end, "we must afford the statutory text its plain and ordinary meaning,"[5] consider

the text contextually,[6] read the text "in its most natural and reasonable way, as an

ordinary speaker of the English language would,"[7] and seek to "avoid a construction

---

[4] *Deal v. Coleman*, ___ Ga. ___ (751 SE2d 337, 341) (2013) (citation omitted); *see also Arby's Restaurant Group, Inc. v. McRae*, 292 Ga. 243, 245 (1) (734 SE2d 55) (2012) (same); *Martinez*, 750 SE2d at 509 (same).

[5] *Martinez*, 750 SE2d at 509; *see also Deal*, 751 SE2d at 341 ("To that end, we must afford the statutory text its plain and ordinary meaning.") (punctuation and citation omitted); *State v. Able*, 321 Ga. App. 632, 636 (742 SE2d 149) (2013) ("A judge is charged with interpreting the law in accordance with the original and/or plain meaning of the text at issue (and all that the text fairly implies). . . ."); *Singletary v. State,* 310 Ga. App. 570, 572 (713 SE2d 698) (2011) ("In construing these statutes, we apply the fundamental rules of statutory construction that require us to construe the statutes according to their terms, [and] to give words their plain and ordinary meaning . . . .") (punctuation and citation omitted).

[6] *Martinez*, 750 SE2d at 509; *see also Arizona v. Inter Tribal Council of Arizona, Inc.*, ___ U.S. ___ (133 SCt. 2247, 2254, 186 LEd2d 239) (2013) (Scalia, J.) ("Words that can have more than one meaning are given content, however, by their surroundings.") (punctuation and citation omitted); *Deal*, 751 SE2d at 341 ("[W]e must view the statutory text in the context in which it appears[.]"); *Scherr v. Marriott Intern., Inc.,* 703 F3d 1069, 1077 (7th Cir. 2013) (Manion, J.) ("In statutory construction cases, we begin with the language of the statute itself and the specific context in which that language is used.") (punctuation and citation omitted); *see* OCGA § 1-3-1 (b) ("In all interpretations of statutes, the ordinary signification shall be applied to all words . . . .").

[7] *Deal*, 751 SE2d at 341; *see also Martinez*, 750 SE2d at 509.

that makes some language mere surplusage."[8] In sum, where the language of a statute is plain and susceptible of only one natural and reasonable construction, an appellate court must construe the statute accordingly.[9]

Construing the aforementioned text with the foregoing principles in mind, we conclude that the juvenile court was correct in its determination that L. T.'s motions were prematurely filed. And while it is certainly true that the General Assembly did not define the phrase "final discharge" in the statute, it used this same phrase in subsection (c) of the statute, noting that "[r]easonable notice of the hearing required by subsection (b) of this Code section shall be given to . . . [t]he authority granting the discharge if the final discharge was from an institution or from parole . . . ."[10] Suffice it to say, this language would have absolutely no meaning if a child was considered to have been granted a final discharge upon the adjudication of delinquency. Further, the General Assembly's inclusion of "parole" in subsection (c) indicates that it did not intend to limit its reference to "final discharge" from

---

[8] *Ga. Transmission Corp. v. Worley*, 312 Ga. App. 855, 856 (720 SE2d 305) (2011) (punctuation omitted); *see also Singletary,* 310 Ga. App. at 572 (same).

[9] *See Deal*, 751 SE2d at 341; *Martinez*, 750 SE2d at 509.

[10] OCGA § 15-11-79.2 (c).

5

confinement, but instead sought to include the State's continued exercise of supervision or control over a child.

Consequently, we conclude that L. T.'s motions to seal the record were indeed premature and the juvenile court did not err in denying them. This holding renders moot L. T.'s challenge to any additional language and/or secondary reasoning that the juvenile court employed in its denial orders.[11]

*Judgment affirmed. Andrews, P. J., and McMillian, J., concur.*

---

[11] We flatly reject L. T.'s assertion that the juvenile court abused its discretion in denying L. T.'s motion to seal the record pursuant to OCGA § 15-11-79.2 (e), which provides that "[t]he court may seal any record containing information identifying a victim of an act which, if done by an adult, would constitute a sexual offense under Chapter 6 of Title 16 [including aggravated child molestation]." It was well within the juvenile court's discretion to reject then 13-year-old L. T.'s meritless assertion that he was a victim within the meaning of subsection (e) based upon the acts that the 4-year-old victim named in the delinquency petition allegedly performed on him during the events in question. *See* OCGA § 15-11-79.2 (e). And it is worth noting that the 4-year-old victim's parents explicitly requested that the juvenile court not seal the record, expressing their concern and belief that L. T. had yet to accept any responsibility for his actions.