Ray, Judge.
In this forfeiture action, the trial court denied the State’s forfeiture of West’s vehicle after West pled guilty and was convicted of possession of marijuana with intent to distribute. The State argues that the trial court misinterpreted the applicable provision of the forfeiture statute, OCGA § 16-13-49 (d) (6), and erroneously held that West’s vehicle, which was in close proximity to his apartment in which the drugs were seized, was not subject to forfeiture because the State lacked evidence that the vehicle was in any way connected to the unlawful activity. We agree with the State that the plain language of the statute imposes no such requirement and, therefore, reverse.
*746 The pertinent facts are undisputed. In June 2012, law enforcement officers executed a search warrant of an apartment in which West resided. The officers located and seized large amounts of marijuana, as well as scales and other equipment indicative of distribution. They also seized West’s 1984 Oldsmobile Cutlass Supreme which, as held by the trial court, “was parked in the front yard of the residence directly in front of the door.” No contraband or money was found in the vehicle, no statement was made to police related to drug activity involving the vehicle, and no observation was made of West in or around the vehicle prior to the execution of the search warrant. West subsequently entered a guilty plea to possession of marijuana with intent to distribute and was sentenced on that charge.
The State instituted forfeiture proceedings against West’s vehicle pursuant to OCGA § 16-13-49 (d) (6), asserting that it was subject to forfeiture because it was located in “close proximity” to the marijuana. That statutory provision declares as contraband subject to forfeiture “[a] 11 moneys ... or other things of value which are found in close proximity to any controlled substance or marijuana or other property which is subject to forfeiture under this subsection.”
West filed an answer and statutory defense in which he asserted that he purchased the vehicle with money received through employment and student loans, and that it was not subject to forfeiture because it was not in close proximity to the marijuana or any other contraband, nor did it contain any contraband or money derived from unlawful activity.
The trial court thereafter issued an order holding that the vehicle was not subject to forfeiture on the basis of close proximity alone, in the absence of facts connecting the vehicle to West’s illegal activity. Implicit in the order is the trial court’s finding that the vehicle was, as a factual matter, located in “close proximity” to the marijuana seized from the apartment.
The State argues that the trial court misinterpreted the statute in holding that proximity alone was insufficient to authorize the forfeiture. We agree.
To resolve this issue, we must apply the controlling principles of statutory construction. When interpreting a legislative act, a court “must afford the words of the statute their ordinary signification, and . . . presume that the General Assembly meant what it said and said what it meant.” (Citations and punctuation omitted.) Arby’s Restaurant Group v. McRae, 292 Ga. 243, 245 (1) (734 SE2d 55) (2012); see OCGA § 1-3-1 (b). “[When] the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden.” (Citation and punctuation omitted.) Arby’s Restaurant Group, supra at 245 (1). To the extent that judicial construction *747 is necessary, “[w]e must seek to give meaning to each part of the statute and to avoid constructions which render a portion of the statute mere surplusage.” (Citation and punctuation omitted.) City of Buchanan v. Pope, 222 Ga. App. 716, 717 (1) (476 SE2d 53) (1996). Finally, “it is a basic rule of construction that a statute or constitutional provision should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning.” (Citation and punctuation omitted.) Id.
OCGA § 16-13-49 (d) (6) does not require evidence that property found in “close proximity” to marijuana be further connected to the illegal activity in order to be subject to forfeiture. To the contrary, the plain and unambiguous language states that “[a] 11... things of value which are found in close proximity to . . . marijuana” are subject to forfeiture. OCGA § 16-13-49 (d) (6). Our interpretation is buttressed by the fact that other provisions within the same statute explicitly contain such a requirement. Compare OCGA § 16-13-49 (d) (2) (authorizing forfeiture of “[a]ll property which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article or any proceeds derived orrealized therefrom”); OCGA § 16-13-49 (d) (3) (authorizing forfeiture of “[a] 11 property located in this state which was, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article”); OCGA § 16-13-49 (d) (4) (authorizing forfeiture of “[a]ll weapons possessed, used, or available for use in any manner to facilitate a violation of this article”). Moreover, OCGA § 16-13-49 (e) (2) creates an exception for violations involving four ounces or less of marijuana, imposing the additional requirement that property be “used to facilitate a transaction in or a purchase of or sale of” marijuana in order to be forfeited.
While agreeing that we have appropriately applied our precedent in holding that OCGA § 16-13-49 (d) (6) does not require that there be a nexus between the drug activity and the automobile at issue, other than it be found in close proximity to the drugs, the dissent both questions our prior interpretation of this statute and the constitutionality of this statutory scheme. Arguably, the forfeiture laws have sometimes led to unfair results and failed to protect the rights of innocent individuals.[1] However, it is equally true that such criticism is more appropriately addressed to the General Assembly, which can change the law, or to the Supreme Court, which has *748 jurisdiction on appeal of constitutional challenges. Given that West did not raise before the trial court or on appeal a constitutional challenge to the breadth of the statute or to its application to him under these facts, the dissent’s discussion of the same is not apt.
Additionally, the dissent argues that the case should nevertheless be remanded to the trial court because, it contends, the trial court did not reach the issue of whether the car was found in close proximity to the drugs. Everyone — the trial court, the State, and West — agreed that the vehicle had to be in close proximity to the drugs to be subject to forfeiture. The statute specifically says as much. Yet, under the dissent’s rationale, the trial court ignored this provision and, instead, judicially imposed into the statute its own requirement that the car had to be used in the drug activities to be at risk for forfeiture. If the trial court wanted to deny the forfeiture, why would it have added a new requirement to the statute unless it had already concluded that the car was found in close proximity to the drugs? The short answer is that it would not have. The car was found “parked in the front yard of the residence directly in front of the door” where the drugs were found. The only logical conclusion is that the trial court moved on to consider whether the car was actually used in the drug activities after finding that it was in close proximity thereto.
Having found that the plain and unambiguous language of OCGA § 16-13-49 (d) (6) requires nothing more than a geographical connection between the drugs and the property sought to be forfeited, we hereby reverse the decision of the trial court to deny the forfeiture of the subject vehicle.

Judgment reversed.

Andrews, P. J., Barnes, P. J., and Branch, J., concur. Doyle, P. J., McFadden and Boggs, JJ., dissent.

 We note, however, that West is hardly an innocent victim. Lest we forget, he pled guilty to the charge of possession of marijuana with intent to distribute, from which this forfeiture action arose.