DlLLAED, Judge,
concurring in part and dissenting in part.
Although I fully concur in the majority’s opinion as to Division 1 that OCGA § 23-3-120 et seq. does not waive the state’s sovereign immunity, I do not agree with the majority’s holding in Division 2. To the contrary, the plain language of OCGA § 23-3-122 (b) (1) unequivocally requires written approval of the Attorney General to bring a retaliation claim under OCGA § 23-3-122 (1). Thus, I respectfully dissent as to this division of the majority opinion.
In interpreting any statute, we necessarily begin our analysis with familiar and binding canons of construction. And in considering the meaning of a statute, our charge as an appellate court is to “presume that the General Assembly meant what it said and said what it meant.”[8] Thus, we must afford the statutory text its plain and ordinary meaning,[9] consider the text contextually,[10] read the text “in *585 its most natural and reasonable way, as an ordinary speaker of the English language would,”* [11] and seek to “avoid a construction that makes some language mere surplusage.”[12] Importantly, when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must “construe the statute accordingly.”[13]
Here, the plain meaning of OCGA § 23-3-122 (b) (1) could not be more clear. Prior to bringing a civil action under Article 6 (Taxpayer Protection Against False Claims) of Chapter 3 (Equitable Remedies and Proceedings Generally) to Title 23 (Equity) of the Official Code of Georgia, a private person must obtain written approval from the Attorney General:
Subject to the exclusions set forth in this Code section, a civil action under this article may also be brought by a private person upon written approval by the Attorney General. A civil action shall be brought in the name of the State of Georgia or local government, as applicable. The civil action may be dismissed only if the Attorney General gives written consent to the dismissal stating the reasons for consenting to such dismissal and the court enters an order approving the dismissal.[14]
And in the case sub judice, Fuciarelli did not obtain written approval from the Attorney General before bringing his claim under OCGA § 23-3-122 (l)[15] and, accordingly, the trial court properly dismissed his action.
*586 Decided July 16, 2015 —
Reconsideration denied July 30, 2015 —
Hornsby Law Group, D. Brandon Hornsby, Graham R. Scofield, for appellant.
Samuel S. Olens, Attorney General, Annette M. Cowart, Christopher A. McGraw, Senior Assistant Attorneys General, for appellees.
Judge McFadden gamely attempts to rehabilitate Division 2 of the majority opinion, but these efforts are no more convincing than the majority’s refashioning of the statute. The plain meaning of OCGA § 23-3-122 (b) (1) makes it abundantly clear that the requirement imposed on “a private person” to obtain “written approval by the Attorney General” prior to initiating a “civil action under this article” means exactly what it says, that this statutory requirement applies to the entirety of the statutory article (i.e., Title 23, Chapter 3, Article 6). Try as he might, there is simply no textual justification for Judge McFadden’s assertion that “OCGA § 23-3-122 (1) is . . . distinct from the rest of the article of which that statute is a part,” when OCGA § 23-3-122 (b) (1) explicitly states the exact opposite.
Thus, while I fully concur with the majority in Division 1, I respectfully dissent from Division 2 because, for all of the foregoing reasons, the trial court properly granted the defendants’ motion to dismiss.
I am authorized to state that Judge Ray and Judge McMillian join in this opinion concurring in part and dissenting in part.

 Deal v. Coleman, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (punctuation omitted); see Martinez v. State, 325 Ga. App. 267, 273 (2) (750 SE2d 504) (2013) (same).

 See Deal, 294 Ga. at 172 (1) (a) (“To that end, we must afford the statutory text its plain and ordinary meaning.” (punctuation omitted)); State v. Able, 321 Ga. App. 632, 636 (742 SE2d 149) (2013) (“A judge is charged with interpreting the law in accordance with the original and/or plain meaning of the text at issue (and all that the text fairly implies)....”); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 16 (1st ed. 2012) (“Textual-ism, in its purest form, begins and ends with what the text says and fairly implies.”).

 See Arizona v. Inter Tribal Council of Arizona, Inc.,_U. S._,_(II) (B) (133 SCt 2247, 186 LE2d 239) (2013) (“Words that can have more than one meaning are given content, *585 however, by their surroundings.” (punctuation omitted)); Deal, 294 Ga. at 172 (1) (a) (“[W]e must view the statutory text in the context in which it appears[.]”); see also OCGÁ § 1-3-1 (b) (“In all interpretations of statutes, the ordinary signification shall be applied to all words____”); Scalia & Garner, supra note 2, at 167 (“Context is a primary determinant of meaning.”).

 Deal, 294 Ga. at 172-73 (1) (a); accord Martinez, 325 Ga. App. at 273.

 In the Interest of L. T., 325 Ga. App. 590, 592 (754 SE2d 380) (2014) (punctuation omitted); accord Holcomb v. Long, 329 Ga. App. 515, 518 (1) (765 SE2d 687) (2014); see also Scalia & Garner, supra note 2, at 174 (“The surplusage canon holds that it is no more the court’s function to revise hy subtraction than by addition.”).

 Luangkhot v. State, 292 Ga. 423, 424 (1) (736 SE2d 397) (2013) (punctuation omitted); accord Chase v. State, 285 Ga. 693, 695 (2) (681 SE2d 116) (2009); Hollowell v. Jove, 247 Ga. 678, 681 (279 SE2d 430) (1981).

 OCGA § 23-3-122 (b) (1) (emphasis supplied). Cf. 31 USC § 3730 (b) (1) (providing that under the federal False Claims Act, private persons may bring a civil action, but only requiring written approval from the Attorney General prior to dismissal for any such action, not prior to initiation).

 See OCGA § 23-3-122 (1) (1) (“Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner *586 discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent, or associated others in furtherance of a civil action under this Code section or other efforts to stop one or more violations of this article.”).