MERCIER, Judge,
dissenting.
I respectfully dissent. At issue in this appeal is whether Gary’s videotaping up the victim’s skirt is a criminal invasion of privacy in violation of OCGA § 16-11-62 (2). The majority opinion answers this question in the negative.
OCGA § 16-11-62 (2) provides that it shall be unlawful for “[a]ny person, through the use of any device, without the consent of all persons observed, to observe, photograph, or record the activities of another which occur in any private place and out of public view[.]” At the time the crime was committed, the legislature had defined “private place” as “a place where one is entitled reasonably to expect to be safe from casual or hostile intrusion or surveillance.” OCGA § 16-11-60 (3) (2011).
In construing statutes,
we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.
Deal v. Coleman, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013). Where I part ways with the majority is in its evaluation of the commonly accepted meaning of the word “place.”
While it is fitting for the majority to look to dictionary definitions for guidance on the meaning of the word, the majority has relied on only selective portions of definitions to support its analysis. The majority first cites to the Oxford English Dictionary, which pertinently defines “place” when used as a noun as a
[rjoom, available space ... a space that can be occupied; A battlefield; A particular part or region of space; a physical locality, a locale; a spot, a location ... a region or part of the earth’s surface; A piece or plot of land; a holding; A particular part of or location in a book or document; A particular *411 area or spot in or on a larger body, structure, or surface; an area on the skin; A dwelling, a house; a person’s home; A particular spot or area inhabited or frequented by people; a city, a town, a village.[7]
(emphasis supplied).
The majority next turns to Webster’s Dictionary which defines “place” as “Space; room...[;] Aparticular area or locality; region[;] the part of space occupied by a person or thing . I have concerns with the majority’s use of these definitions. While I agree that is certainly one way in which “place” can be used, it is equally clear that “place” may also refer to a part of or location on one’s body. The Oxford English Dictionary includes in its definition of “place,” “[a] particular area or spot in or on a larger body, structure, or surface; an area on the skin.” Merriam-Webster’s Dictionary defines “place” pertinently as “a particular region, center of population, or location; a building, part of a building, or area occupied as a home; a particular part of a surface or body.”
Regardless of what dictionary definition is used, the plain meaning of the word “place” is susceptible to many varied meanings. To read the statute as applying to only one, and one chosen by the judiciary to the exclusion of all others, is troubling. This is particularly true when the definitions are not mutually exclusive, and the statute has no limiting language.
In interpreting statutes we must “presume that the General Assembly meant what it said and said what it meant.” In the Interest of L. T., 325 Ga. App. 590, 591 (754 SE2d 380) (2014) (punctuation omitted). Accordingly, as the word “place” is commonly understood as both a location in which a person may be found and as a part of or location on one’s body, the term “private place,” as used in the statute refers to a physical location or an area of an individual’s body out of public view and in which an individual can reasonably expect to be safe from casual or hostile intrusion or surveillance.
The majority posits next that because this statute makes it unlawful to “observe, photograph, or record the activities of another which occur in any private place and out of public view,” the statute refers to only the actual location of the person being observed or filmed. This conclusion only follows from the majority’s initial determination about the meaning of the term “private place.” Because I read “private place” to refer to a physical location or an area of an *412 individual’s body that is out of public view, then the statute should be read to refer to the location of the activities being filmed. In essence, the statute refers to the filming or observing of the activities of another which are in any private place and out of public view.
Therefore, I would find that the plain and unambiguous language of OCGA § 16-11-62 (2) criminalizes the act of filming up a woman’s skirt without her consent. To convict an individual of violatingOCGA § 16-11-62 (2) requires both that the accused observed or filmed the activities of the victim and that those activities occurred in a location or portion of an individual’s body that were out of public view and in which the victim had a reasonable expectation of privacy The activity recorded in this case was the activity of the private areas of the victim’s body covered by clothing while she walked and shopped. As the victim’s genital area was not exposed to the public, it was out of public view, and the victim had a reasonable expectation of privacy in the area under her skirt. Thus, I would affirm the trial court’s denial of Gary’s motion to quash the indictment and would find that there was sufficient evidence to convict Gary of violating OCGA § 16-11-62 (2).
The majority contends that interpreting “private place” to refer to a particular area of the human body would render subsections (1) and (3) of the statute mere surplusage.[8] This is erroneous, as I interpret the term “private place” to refer to physical location or an area of an individual’s body out of public view, which is within the plain meaning of “place.” Both subsections of OCGA § 16-11-62 can still be read in harmony with subsection (2), because they are not mutually exclusive, and there is no contradiction or exclusion.
The majority refers to a “gap in Georgia’s criminal statutory scheme,” yet I would argue that no such gap exists. Rather, the majority has in fact created one by judicial fiat. To interpret the statute to make Gary’s conduct illegal does not restrict or broaden the statute in any way, but merely comports with the common meaning and understanding of the word “place” in the English language. Indeed, “private place” is a phrase heard daily in courts across this state, as judges, prosecutors, defense attorneys, psychologists, detectives, and children, to name only a few, use it to describe incidents of *413 sexual abuse.[9] The majority thus engages in an examination of language as it assumes it to be, as opposed to as it actually is.
Decided July 15, 2016
Reconsideration denied July 28, 2016
Michael A. Rivera, for appellant.
George H. Hartwig III, District Attorney, T. Clifton Woody II, Assistant District Attorney, for appellee.
We have decades of Fourth Amendment jurisprudence setting forth limitations on law enforcement’s ability to merely pat down an alleged suspect on top of their clothing to protect the sacrosanct bodily privacy of even those who are accused of violating criminal laws. But today, with the stroke of a pen, we are in effect negating the privacy protections from the intrusions of fellow citizens afforded to every person in this State because one definition of “place” is afforded more weight than another.
For these reasons I respectfully dissent.
I am authorized to state that Presiding Judge Ellington and Presiding Judge Phipps join in this dissent.

 Oxford English Dictionary Third Edition, June 2006, accessed July 12, 2016 (http://www. oed.com/view/Entry/144864?rskey=hpIYuI&result=l#eid).

 The subsections read in relevant part:
It shall be unlawful for: (1) Any person in a clandestine manner intentionally to overhear, transmit, or record or attempt to overhear, transmit, or record the private conversation of another which shall originate in any private place .... (3) Any person to go on or about the premises of another or any private place, except as otherwise provided by law, for the purpose of invading the privacy of others by eavesdropping upon their conversations or secretly observing their activities Í.1
OCGA § 16-11-62 (1), (3).

 Brief research indicates that across the state of Georgia individuals have been arrested and indicted for the same or similar conduct alleged in this case. Thus, the commonly understood meaning of the phrase “private place” has until today allowed for no gap in our privacy laws. See Atlanta Journal-Constitution “Cops: Man takes pictures up woman’s skirt in Target” (http://www.ajc.com/news/news/local/cops-man-takes-pictures-up-womans-skirt-in-targe-l/nQXrR/); Atlanta Journal-Constitution “Former Milton store worker accused of taking pictures up customers’ skirts” (http://www.ajc.com/news/news/local/former-milton-store-worker-accused-taking-pictures/nqyCS/); Atlanta Journal-Constitution “Police: Pharmacist caught using phone to peer under customer’s skirt” (http://www.ajc.com/news/news/police-pharmacist-caught-using-phone-to-peer-under/ngkCS/); The Brookhaven Post “Brookhaven Police seek man suspected of taking pictures up woman’s skirt at Publix” (http://brookhavenpost.co/brookhaven-police-seek-man-suspected-of-taking-pictures-up-womans-skirt-at-publix/38042/).